*Tagged Opinion*



**ORDERED in the Southern District of Florida on May 8, 2018.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CASE NO.  09-12434-LMI

LUCY THAL,                                      Chapter  13

        Debtor.

_____/

IN RE:                                          CASE NO.  11-20554-LMI

ROBERT LEE SLATTERY,                            Chapter  13

        Debtor.

_____/


**AMENDED[1] MEMORANDUM OPINION AND ORDER FINDING THE INTERNAL REVENUE SERVICE VIOLATED THE DISCHARGE INJUNCTION AND DIRECTING DEBTORS TO PURSUE ADMINISTRATIVE REMEDIES IN ORDER TO SEEK AN AWARD OF ATTORNEY FEES AND COSTS FROM THE INTERNAL REVENUE <u>SERVICE</u>**

---

[1] Amended to correct the scrivener's error contained in the "Conclusion".

1

These cases present the latest entry in an ongoing debate - if a former debtor seeks damages or attorney fees and costs from the Internal Revenue Service (the "IRS") for violations of the discharge injunction, is the former debtor first required to exhaust administrative remedies before seeking recourse from the bankruptcy court?  Having carefully considered the applicable statutes and case law, I have determined that the majority view is correct - in order for a former debtor to seek recovery of damages, fees, or costs from the IRS in connection with a discharge injunction violation, the former debtor must first comply with the requirements of 26 U.S.C. §§7430 and 7433[2].

## FACTS AND PROCEDURAL BACKGROUND

**Thal**:

On February 12, 2009, Lucy Thal ("Ms. Thal") filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code (ECF #1). Ms. Thal listed the IRS as one of her creditors. On April 29, 2009, the IRS filed a proof of claim (the "IRS Thal Claim") that listed a priority claim for $7,176.27 and an unsecured general claim for $60,515.87. On October 9, 2009, Ms. Thal filed her Third Amended Chapter 13 Plan (ECF #57) (the "Thal Plan"). In the Thal Plan, Ms. Thal proposed to pay the IRS $7,176.27 on account of its priority claim. The IRS did not object to the Thal Plan and the Court confirmed the Thal Plan on October 14, 2009 (ECF #59).

On November 4, 2015, Ms. Thal filed an objection to the IRS Thal Claim (the "Claim Objection") (ECF #149). In the Claim Objection, Ms. Thal stated that the IRS priority claim was

---

[2] This analysis may differ with respect to individual debtors seeking damages, attorney fees or costs associated with a stay violation because, as discussed further in this opinion, 26 U.S.C. §7433(e)(2)(B) creates a limited exception for claims arising under 11 U.S.C. §362(h)(now 11 U.S.C. §362(k) after the BAPCPA renumbering).

paid in full through the Thal Plan and the IRS general unsecured claim should be stricken and disallowed. On December 7, 2015, the Court entered an order sustaining the Claim Objection (ECF #157).

The bankruptcy case was dismissed and reinstated several times,[3] but finally, on August 3, 2016, Ms. Thal received her discharge (ECF #195) and on September 20, 2016 this case was closed (ECF #199).

On February 13, 2017, the IRS sent four Notices of Intent to Seize (levy) to Ms. Thal for tax years 2002, 2003, 2004, and 2005 for charges in the amount of $37,112.68. On June 5, 2017, the IRS sent Ms. Thal a Notice of Intent to Seize up to 15% of her Social Security benefits for taxes due for tax years 2002, 2003, 2004, and 2005 which taxes, according to the notice, totaled $17,263.75.

On August 10, 2017, Ms. Thal filed a Motion for Contempt for Violation of the Discharge Injunction against the IRS (ECF #202) (the "Thal Motion"). Ms. Thal argues that the IRS violated the discharge injunction set forth in 11 U.S.C. §524(a)(2)[4] by attempting to collect

---

[3] Ms. Thal indicated she would modify the Thal Plan to pay all unsecured claims in full. Between May 9, 2012, and April 4, 2014, the Trustee filed three Motions to Dismiss Case (the "Dismissal Motions") due to Ms. Thal's failure to comply with the proposed 100% distribution language contained in the Thal Plan. The Court granted two of the Dismissal Motions, one of which (ECF #104) resulted in the bankruptcy case being closed on June 24, 2014. The case was reopened and reinstated on November 5, 2014 (ECF #115). Ms. Thal filed her Fourth Modified Chapter 13 Plan (ECF #184) which modified plan did not alter the treatment of the IRS Thal Claim. The IRS did not object to the modified plan, which was confirmed on April 4, 2016 (ECF #185).

[4] 11 U.S.C. §524 enjoins the collection of debt that has been discharged in a bankruptcy. Section 524(a) states in relevant part:

    **(a)**  A discharge in a case under this title

    **(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

    **(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

3

the discharged debts. Because of the violation of the discharge injunction, Ms. Thal asks the Court to hold the IRS in contempt and order the IRS to pay punitive damages as well as attorney fees and costs for the filing of the Thal Motion.

On November 2, 2017, the IRS responded to the Thal Motion. First, the IRS states that it was not advised that a Notice of Intent to Seize was sent to Ms. Thal, and first learned of the notice only when the Thal Motion was filed. The IRS also stated that it was not until September 27, 2017, that Ms. Thal's counsel advised the United States Attorney's Office that the IRS had taken $227.85 from Ms. Thal. The IRS asserts that as soon as it learned it had taken the funds it placed a stop on all future collection actions against Ms. Thal for tax periods 2002, 2003, 2004, and 2005, and refunded the $227.85. So, the IRS argues, it would not be appropriate to issue a sanction for violating the discharge injunction.

Second, the IRS argues that Ms. Thal's request for attorney's fees and costs should be denied because Ms. Thal, before filing the Thal Motion, failed to exhaust her administrative remedies as required by subsection 7433(e) of the Internal Revenue Code.

**Slattery**:

On April 20, 2011, Robert Lee Slattery ("Mr. Slattery") filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code (ECF #1). Mr. Slattery scheduled the IRS as one of his creditors. On April 27, 2011, the IRS filed a proof of claim (the "Slattery Claim") that listed an unsecured priority claim for $37,771.11 and a general unsecured claim for $6,889.41, for tax years 2006, 2008, 2009, and 2010.

On August 1, 2011, Mr. Slattery filed his Second Amended Chapter 13 Plan (the "Slattery Plan") (ECF #36). In the Slattery Plan, Mr. Slattery proposed to pay the IRS, over the

4

life of the Slattery Plan, $37,771.11 on account of the IRS priority claim. In addition, the Slattery

Plan proposed to pay all unsecured creditors their respective pro rata share of a $5.00 monthly

dividend. The IRS did not object to the Slattery Plan and the Court confirmed the Slattery Plan

on October 20, 2011 (ECF #53).

Mr. Slattery completed his plan payments on August 31, 2016 (ECF #73) and received

his discharge on October 13, 2016 (ECF #77). The IRS does not dispute that it received a total of

$38,031.36 from Mr. Slattery's plan payments. The amount of $37,771.11 was applied to the

priority claim, and $260.25 was applied to the general unsecured claim.

On December 5, 2016, Mr. Slattery received two Notices of Intent to Levy for tax years

2008 and 2009 for charges in the total amount of $1,449.00.[5] On January 23, 2017, Mr. Slattery's

counsel advised the IRS in writing that the debt owed was paid in full through the Slattery Plan

and that no further contact should be made with Mr. Slattery. On August 7, 2017, Mr. Slattery

received another letter from the IRS advising him that $785.00 from his 2016 tax refund was

applied to an amount owed for tax years 2006, 2008, and 2009, and that $700.11 was still due

and owing for tax year 2008.

On August 25, 2017, Mr. Slattery filed Debtor's Motion to Reopen Case and Motion for

Contempt Against the Internal Revenue Service for Violation of the Discharge Injunction

Pursuant to Section 524(a)(2) and Motion to Compel Return of Funds (ECF #88) (the "Slattery

Motion") arguing that the IRS' collection actions violated the discharge injunction. Mr. Slattery

has asked the Court to hold the IRS in contempt for violation of the discharge injunction, compel

the return of garnished funds, and order the IRS to pay attorney fees and costs for the filing of

the Slattery Motion.

---

[5] It is unclear from the pleadings but the amount owed is presumably based on accrued interest.

On November 2, 2017, the IRS responded to the Slattery Motion. First, the IRS argues that the taxes at issue were excepted from discharge and therefore its actions to collect any balance do not violate the discharge injunction. Mr. Slattery does not dispute that the priority taxes are not dischargeable, but argues that they were paid in full in accordance with the confirmed Slattery Plan and therefore the IRS cannot collect on account of those tax years.

Second, the IRS argues that Mr. Slattery's request for attorney's fees and costs should be denied because Mr. Slattery, before filing the Slattery Motion, failed to exhaust his administrative remedies under subsection 7433(e) of the Internal Revenue Code.

## ANALYSIS

**The IRS violated the discharge injunction with respect to both Debtors**

The IRS acknowledges that it intercepted Ms. Thal's funds but argues that since the IRS acted without knowing that the act was a violation of the discharge injunction, the IRS argues it should not be penalized. However, not knowing that the interception was a violation does not excuse the IRS's intentional violation of the discharge injunction. *See Hardy v. U.S.,* 97 F. 3d 1384, 1390 (11th Cir. 1996) (willful violation of the discharge injunction requires knowledge of the discharge combined with the intent to commit the acts that violate the discharge injunction.); *accord In re Jove Engineering*, 92 F. 3d 1539 (11th Cir. 1996). The IRS received notice of Ms. Thal's discharge when the bankruptcy case was closed, and its interception of federal funds otherwise payable to Ms. Thal was intentional even if the act was not a deliberate decision to violate the discharge injunction.

The IRS also argues that it did not violate the discharge injunction when it intercepted Mr. Slattery's tax refund because the priority taxes are non-dischargeable. The argument that the

taxes were non-dischargeable is not relevant, because the IRS Slattery Claim was discharged by

payment in full under the Slattery Plan. As the bankruptcy court explained in *Holway v. U.S.,*

237 B.R. 217, 219 (Bankr. M.D. Fla. 1999)

> Under Chapter 13 of the Bankruptcy Code, a debtor is afforded a unique
> opportunity to pay the IRS only a portion of its claim in full. This opportunity is
> not afforded in a Chapter 7 case. In order to confirm a Chapter 13 plan, a debtor
> must agree to pay all priority tax debt, in full, in "deferred cash payments" over
> the life of the plan. *See* 11 U.S.C. §§ 507 & 1322(a)(2). However, because the
> "deferred cash payments" do not bear interest, a debtor essentially receives an
> interest free loan for the duration of the case.

> A discharge is granted in Chapter 13 upon completion of all plan
> payments. 11 U.S.C. § 1328(a). A Chapter 13 debtor who successfully obtains a
> discharge is relieved from further liability associated with the priority tax debt.
> *See id.* Commonly referred to as a "superdischarge" provision, the debtor who
> successfully completes their [sic] Chapter 13 plan enjoys this unique ability to pay
> their [sic] tax liability without the penalties and interest normally associated with
> tax debt. More specifically, the debtor does not pay any postpetition interest or
> penalties on the unsecured priority claim, nor prepetition interest on any general
> unsecured claim.

Therefore, the IRS' collection efforts did violate the discharge injunction.  *See also U.S. v. Ellen*

*E. Monahan* 497 B.R. 642 (B.A.P. 1st Cir. 2013).

Because I find that with respect to both Ms. Thal and Mr. Slattery the IRS violated the

discharge injunction, I will now turn to the damages requested by each debtor with respect to the

violation.


**The Debtors may claim damages, but not punitive damages, against an instrumentality of
the United States for violation of the discharge injunction**

Ms. Thal requests this Court award punitive damages and attorney fees arising from the

violation of the discharge injunction. Mr. Slattery seeks a finding of contempt, return of his

funds, and attorney fees. I can grant some relief, some I cannot, and some I cannot without the

Debtors exhausting the administrative remedies established by applicable IRS regulations.

The United States has waived its sovereign immunity with respect to certain provisions of the Bankruptcy Code, including claims arising under section 524. 11 U.S.C. §106(a)(1).  Thus, the bankruptcy court is authorized to enter "an order or judgment awarding a money recovery" for violation of the discharge injunction. 11 U.S.C. §106(a)(3). However, section 106 carves out from that authority any award of punitive damages. Consequently, Ms. Thal may not bring a claim for punitive damages.

Mr. Slattery demands return of the money that the IRS improperly took in payment of the discharged taxes. This Court has authority to consider and grant such relief without the need to pursue administrative remedies through IRS regulations.  *See In re Moore*, 2013 WL 4017936, at 4 (Bankr. M.D. Ga. 2013) (26 U.S.C. §7433(e) only applies to a claim for damages. A debtor's request that the court find the IRS violated the discharge injunction and enter an order compelling the IRS to cease collection activities is not a claim for damages and does not require the exhaustion of administrative remedies before the bankruptcy court may grant relief.) Consequently, nothing in 26 U.S.C. §7430 or §7433 impacts my ability to determine whether the IRS must return the funds to Mr. Slattery[6].  And because I have already ruled that the IRS had no right to take Mr. Slattery's refund, the money taken from Mr. Slattery must be returned and further collection efforts must stop.

**The Debtors were required to exhaust their administrative remedies prior to petitioning this Court for damages**

Resolution of the administrative remedies issue revolves around the interplay of 26 U.S.C. §§7430 and 7433 with 11 U.S.C. §§105, 106 and 524.

In 1982 Congress enacted 26 U.S.C. §7430 titled "Awarding of Costs and Certain Fees",

---

[6] The IRS already returned the funds at issue to Ms. Thal.

as part of the Tax Equity and Fiscal Responsibility Act of 1982. Section 7430[7] provides that the

prevailing party in an administrative or court proceeding "brought by or against the United States

in connection with the determination, collection, or refund of any tax, interest or penalty" under

---

[7] Internal Revenue Code §7430  provides in part:

> **(a) In general.**--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--
>
> **(1)** reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
>
> **(2)** reasonable litigation costs incurred in connection with such court proceeding.
>
> **(b) Limitations.--**
>
> **(1) Requirement that administrative remedies be exhausted.**--A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. Any failure to agree to an extension of the time for the assessment of any tax shall not be taken into account for purposes of determining whether the prevailing party meets the requirements of the preceding sentence.
>
> . . .
>
>  **(c) Definitions.**--For purposes of this section--
>
> **(1) Reasonable litigation costs.**--The term "reasonable litigation costs" includes--
>
> **(A)** reasonable court costs, and
>
> **(B)** based upon prevailing market rates for the kind or quality of services furnished--
>
> **(i)** the reasonable expenses of expert witnesses in connection with a court proceeding, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States,
>
> **(ii)** the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and
>
> **(iii)** reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding, except that such fees shall not be in excess of $125 per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate.
>
> **. . .**
>
> **(3) Attorneys' fees.**--
>
> **(A) In general.**--For purposes of paragraphs (1) and (2), fees for the services of an individual (whether or not an attorney) who is authorized to practice before the Tax Court or before the Internal Revenue Service shall be treated as fees for the services of an attorney.
>
> . . .
>
>  **(4) Prevailing party.--**
>
> **(A) In general.**--The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--
>
> **(i)** which--
>
> **(I)** has substantially prevailed with respect to the amount in controversy, or
>
> **(II)** has substantially prevailed with respect to the most significant issue or set of issues presented, and
>
> **(ii)** which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

the Internal Revenue Code may be awarded reasonably administrative costs and reasonable

litigation costs. 26 U.S.C. §7430(a).  In order to recover reasonable litigation costs, the

prevailing party must first exhaust "the administrative remedies available to such party within the

Internal Revenue Service." 26 U.S.C. §7430(b)(1).

    In 1988, Congress enacted 26 U.S.C. §7433 titled "Civil Damages for Certain

Unauthorized Collection Actions." Section 7433[8] gives a taxpayer the right to "bring a civil

---

[8] Internal Revenue Code §7433  provides:

**(a) In general**

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

**(b) Damages**

In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—

**(1)** actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

**(2)** the costs of the action.

**(c) Payment authority**

Claims pursuant to this section shall be payable out of funds appropriated under section 1304 of title 31, United States Code.

**(d) Limitations**

**(1) Requirement that administrative remedies be exhausted**

A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

**(2) Mitigation of damages**

The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.

**(3) Period for bringing action**

Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

**(e) Actions for violations of certain bankruptcy procedures**

**(1) In general**

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

**(2) Remedy to be exclusive**

**(A) In general**

Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

action for damages against the United States in a district court of the United States" when the IRS recklessly, intentionally or negligently disregards any provision of the Internal Revenue Code or IRS regulations. In order to recover damages, the plaintiff must have "exhausted the administrative remedies available to such plaintiff within the Internal Revenue Code." 26 U.S.C. §7433(d).

In 1998 Congress added 26 U.S.C. §7433(e). That subsection provides that, should the IRS violate either 11 U.S.C. §362 or 11 U.S.C. §524, "such taxpayer may petition the bankruptcy court to recover damages against the United States." 26 U.S.C. §7433(e)(1). However, except with respect to an action under section 362(h),[9] and, "**notwithstanding section 105 of [Title 11]**"[10], the referenced petition "shall be the exclusive remedy for recovering damages resulting from [the stay and discharge violations]." In other words, except in the case of a claim under 11 U.S.C. §362(k), an injured party cannot rely on section 105. Most significantly, in 1998 Congress also amended 26 U.S.C. §7433(b) to include a "petition filed under subjection (e)." Thus, the requirement of 26 U.S.C. §7433(d)(1) that any claim for damages shall not be awarded until "the plaintiff has exhausted the administrative remedies" now includes claims for violations of the automatic stay and the discharge injunction."[11]

---

**(B) Certain other actions permitted**
Subparagraph (A) shall not apply to an action under section 362(h) of such title 11 for a violation of a stay provided by section 362 of such title; except that—
**(i)** administrative and litigation costs in connection with such an action may only be awarded under section 7430; and
**(ii)** administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

[9] In 2005, 11 U.S.C. §362(h) was renumbered to 11 U.S.C. §362(k). The statute section reference was not updated in 26 U.S.C. §7433(e)(2)(B) but there is no question that the reference in subsection 7433(e) is to what is now numbered 11 U.S.C. §362(k).
[10] Emphasis added.
[11] Because the statute seems to require exhaustion of administrative remedies for **any** claim under subsection (e), it is unclear what is the purpose of the carveout for claims under 362(k). But that is an issue for another day.

The Debtors argue that they are not required to exhaust administrative remedies prior to claiming damages and attorney fees, relying on the Eleventh Circuit opinion of *In re Jove Engineering*, 92 F. 3d 1539 as well as *In re Jha*, 461 B.R. 611 (Bankr. N.D. Cal. 2011). I will turn first to *Jove Engineering*.[12] In *Jove Engineering*, the Eleventh Circuit held that a corporate debtor could seek damages against the IRS under 11 U.S.C. §105 based on the IRS intentional violation of the automatic stay.  The Eleventh Circuit examined the waiver of sovereign immunity provisions under 11 U.S.C. §106, noted that 11 U.S.C. §105 is included in the waiver, but held that the waiver required that any "order, process or judgment" against the governmental unit must, to the extent attorneys' fees were claimed, be "consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28"[13] and must be "consistent with appropriate nonbankruptcy law applicable to such governmental unit. . .." 11 U.S.C. §106(a)(4)  The non-bankruptcy law applicable to the corporate debtor's claim in *Jove Engineering* for attorneys' fees (the damages sought) was 26 U.S.C. §7430. Because the district court had not considered the debtor's claims for attorneys' fees within the structure of 28 U.S.C. §2412(d)(2)(A) and 26 U.S.C. §7430, the Eleventh Circuit remanded the case to the district court to do so.

The Eleventh Circuit's holding that "the court has discretion to award attorney fees under §105(a), but such awards must be consistent with 28 U.S.C. §2412 and 26 U.S.C. §7430" is unclear. *Id.* at 1559.  Arguably it could mean that the district court to whom the case was remanded should require the debtor to pursue administrative remedies first.  However, since the Eleventh Circuit never discussed exhaustion of administrative remedies, presumably the court was referring to the definition of "reasonable litigation costs" as defined in 26 U.S.C.

---

[12] In *Hardy v. U.S.,* 97 F. 3d 1384, decided shortly after *Jove Engineering*, the Eleventh Circuit held that claims for violation of the discharge injunction also had to be consistent with 28 U.S.C. §2412 and 26 U.S.C. §7430.
[13] The Equal Access to Justice Act of 1980.

§7430(a)(2).[14]  Thus, if 26 U.S.C. §7433(e) as amended, had never been enacted, the Debtors, based on the holding in *Jove Engineering,* would be correct with respect to their claim for attorney fees and costs - no administrative review required first.  But subsection 7433(e) changed everything.

As already noted, subsection 7433(e) makes very clear that section 7433 applies to *any claim* for damages for violation of the discharge injunction.  Thus, except in the case of a claim under 11 U.S.C. §362(k), a plaintiff must make any claim to the bankruptcy court, not the district court, and the claim can only be made after exhaustion of administrative remedies.[15]  Thus, the Debtors' claims for attorney fees as well as Mr. Slattery's claim for damages, are subject to the exclusive jurisdiction of this Court, but only after exhaustion of the IRS administrative remedies.

There are some cases, including *In re Jha*, upon which the Debtors rely, that hold to the contrary.  However, I find that those cases ignore the plain meaning of the statute. In *Jha*, the court stated that "[t]here is no mention in 26 U.S.C. §7433(e), the section devoted exclusively to bankruptcy violations, of the need to exhaust administrative remedies." *Jha*, 461 B.R. 625. Therefore, the *Jha* court held, the debtor need not exhaust administrative remedies before seeking relief in bankruptcy court. *Id*. However, the *Jha* court disregarded the clear cross-references in 26 U.S.C. §7433. Subsection 7433(b) - damages limitations, explicitly applies to petitions brought under subsection 7433(e); in turn subsection 7433(d)(1) applies to all awards for damages under subsection 7433(b). Thus, the statute is clear that the exhaustion of administrative remedies requirement of subsection 7433(d) applies to petitions that are brought under subsection 7433(e). This interpretation follows the well-settled rule that "all parts of a

---

[14] Neither section 7430 nor *Jove Engineering* addressed "damages" other than litigation costs.
[15] Subsection 7433(e) was enacted two years after *Jove Engineering* was decided, and the exclusion of remedies under 11 U.S.C. §105 could be a direct result of its holding, although nothing in the legislative history suggests the connection.

statute, if possible, are to be given effect." *See Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 513 (1981).

## **CONCLUSION**

Thus, in summary, I find that the Internal Revenue Service violated the discharge injunction both in the case of Ms. Thal and in the case of Mr. Slattery. I further find that I have no authority to enter punitive damages against the Internal Revenue Service even if I found the level of its violation warranted punitive damages, which I do not. Additionally, I find that I have the authority to direct, and do direct, the Internal Revenue Service to return the money that it has taken from Mr. Slattery and cease any further collection efforts with respect to the paid taxes. Finally, I find that, while the Debtors may be entitled to seek attorney fees and costs, they may not do so until such time as any that they have exhausted the administrative remedies provided by the applicable IRS regulations.

The attorney for the Debtors is directed to submit orders in the respective bankruptcy cases consistent with this Memorandum Opinion.

# # #

Copies furnished to:

Michael Frank, Esq.

*Attorney Frank is directed to serve a copy of this Memorandum Opinion on all interested parties and file a certificate of service.*